**CHURCH INSURANCE COMPANY,**
Plaintiff–Appellant,

v.

**TRIPPE MANUFACTURING COMPA-NY, INC., Defendant–Appellee.**

No. 06–0369–cv.

United States Court of Appeals,
Second Circuit.

Oct. 12, 2007.

Richard Bailey, Cozen O'Connor, Philadelphia, PA, for Plaintiff–Appellant.

Carol R. Finocchio, Bartlett, McDonough, Bastone & Monaghan, LLP, New York, NY, for Defendant–Appellee.

Present: Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, Circuit Judges, Hon. PAUL A. CROTTY,* District Judge.

## SUMMARY ORDER

Plaintiff-appellant Church Insurance Company ("Church Insurance"), as subrogee to the rights of the Cathedral Church of St. John the Divine in the City and Diocese of New York, appeals from an opinion and order of the United States District Court for the Southern District of New York (Baer, *J.*), dated December 19, 2005, denying its motion for a new trial under Fed.R.Civ.P. 59. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues, which we refer to only as necessary to explain our decision to affirm.

The case concerns a destructive fire that occurred at the Cathedral Church of St. John the Divine ("the Cathedral") on the night of December 18, 2001; the parties agree that the fire originated in a storage room at the Cathedral's gift shop. Church Insurance contends that the district court committed reversible error by requiring the case to proceed with it, rather than the Cathedral, as named plaintiff, and by admitting at trial certain evidence concerning insurance compensation received by the Cathedral. Church Insurance also argues that it was reversible error to allow testimony from the President of defendant Trippe Manufacturing Company (Trippe) and from one of defendant's experts that they were unaware of prior fires alleged to have been caused by Trippe surge suppressors of the type present at the storage room. Thirdly, Church Insurance argues it was reversible error to deny its motion for a mistrial, following defense counsel's reference to a purported product recall of a "multi-strip" surge suppressor, the remains of which were found in the same room. Finally, Church Insurance urges

* Hon. Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

that the cumulative, prejudicial effect of these alleged errors warrants reversal.

This Court reviews for abuse of discretion both a district court's disposition of a Fed.R.Civ.P. 59 motion for a new trial, *Nimely v. City of New York*, 414 F.3d 381, 392 (2d Cir.2005); *Leibovitz v. New York City Transit Auth.*, 252 F.3d 179, 184 (2d Cir.2001), and the evidentiary rulings that led to the motion, *Zurich Am. Ins. Co. v. ABM Indus., Inc.*, 397 F.3d 158, 171–72 (2d Cir.2005). "This Court will order a new trial only if the introduction of inadmissible evidence was a clear abuse of discretion and was so clearly prejudicial to the outcome of the trial that we are convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Parker v. Reda*, 327 F.3d 211, 213 (2d Cir.2003) (internal citations and quotation marks omitted).

■ Contrary to Church Insurance's argument on appeal, the district court did not state that it was mandated to name the subrogating insurer as plaintiff. Rather it did so as a matter of discretion, since neither party was indispensable, *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 382 n. 19, 70 S.Ct. 207, 94 L.Ed. 171 (1949), noting that the Cathedral had no further financial interest in the litigation following the settlement of its claim for uninsured losses with Trippe. Prejudice did not result from the occurrence of the substitution after voir dire. We note that plaintiff's counsel was able to examine the jurors in regard to their attitudes about insurance companies during voir dire. Notably, plaintiff did not move for a new trial after the substitution decision was made. The district court did not abuse its discretion in granting Trippe's motion to substitute Church Insurance as the named plaintiff under Fed.R.Civ.P. 17(a).

■ Nor was it an abuse of discretion to admit evidence concerning the amount of fire insurance compensation received by the Cathedral. Church Insurance itself read into evidence during its direct case a stipulation that it had paid the Cathedral $41,500,000. Trippe's subsequent attempts to demonstrate that Church Insurance had overcompensated the Cathedral were clearly relevant under Federal Rules of Evidence 401 to the question of damages. The admission of evidence on that point did not violate the proscription on the admission of evidence of liability insurance upon the issue of negligence or other tortious act contained in Federal Rules of Evidence 411. Any error would nonetheless have inevitably been harmless since the jury never reached the question of damages.

■ Relying on a case from another circuit, Church Insurance argues that evidence of the absence of prior accidents in product liability cases is admitted "only where the testifying witness, usually an employee of the product manufacturer, has testified that ... a significant number of substantially identical products have been used in similar circumstances over a period of time; ... the witness would likely be aware of prior accidents involving these products; and ... to the witness's knowledge, no such prior accidents have occurred." *Forrest v. Beloit Corp.*, 424 F.3d 344, 356 (3d Cir.2005). Even if this rule was binding in the Second Circuit, it does not follow that the district court abused its discretion. While Trippe did not offer testimony to show that the different circuit board designs on its surge suppressors were substantially identical, one of Church Insurance's experts, Powell, testified that he was unable to tell "Revision A" and "Revision B" apart. To the extent that the district court assumed that the President of a company with a narrow focus on one type of product would know if any prod-

ucts had been accused of causing a fire, it acted within its discretion.

Moreover, even if the district court erred in admitting the evidence of absence of prior accidents, any error was harmless. The jury heard extensive evidence from Trippe's expert Neuhalfen to the effect that the cause of the fire was the multi-strip surge suppressor, as well as testimony from Fire Marshall DiFusco that the remains of the multi-strip were found at the physical origin of the fire. We do not believe that the evidence concerning absence of prior accidents influenced the verdict of the jury finding Trippe not liable. Any error, therefore, was not "clearly prejudicial to the outcome of the trial." *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 17 (2d Cir.1996).

Defense counsel's question to a Church Insurance expert concerning a purported product recall of the multi-strip surge suppressor did not have prejudicial effect on the jury in the context of the trial as a whole, because the district court cured any misleading impression by its cautionary charge instructing the jury "to disregard any comment made by the defense that the multi-strip product found in the fire was the subject of a recall by the consumer product safety commission. The multi-strip product found in the fire was not the subject of any such recall."

Finally, assessing the alleged errors "in light of the record as a whole," *Pescatore,* 97 F.3d 1, 17, we find no cumulative prejudicial effect such as Church Insurance asserts. The district court properly concluded that Church Insurance was not entitled to a new trial.